# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PALM AVENUE HIALEAH TRUST,
ACRPE 1 LLC,
ARCPE BAHAMAS LLC,
ARCPE HOLDING LLC,

    Plaintiffs

v.

Ross Eisenberg, Esq.
Ross Eisenberg Law PLLC

    Defendants.
_____/

## **COMPLAINT**

Come Now, Plaintiffs, through counsel, to hereby sue Ross Eisenberg, Esq. and Ross Eisenberg Law PLLC as follows:

## **PARTIES, JURISDICTION AND VENUE**

1. Palm Avenue Hialeah Trust is a Florida Trust situated at 1900 Sunset Harbour Drive, Annex 2nd Floor, Miami Beach, FL 33139.

2. ARCPE 1 LLC is a Florida Limited Liability Company located at 1900 Sunset Harbour Drive, Annex 2nd Floor, Miami Beach, FL 33139.

3. ARCPE Bahamas LLC is a Florida Limited Liability Company located at 1900 Sunset Harbour Drive, Annex 2nd Floor, Miami Beach, FL 33139.

4. ARCPE HOLDING LLC is a Florida Limited Liability Company located at 1900 Sunset Harbour Drive, Annex 2nd Floor, Miami Beach, FL 33139.

5. Collectively, these entities are known herein as the ARCPE Entities or Plaintiffs.

6. Defendant Ross Eisenberg is a New York attorney who is the founder and upon information and belief the sole shareholder and/or member of Defendant Ross Eisenberg Law PLLC located at 445 Central Ave. Suite 112 Cedarhurst N.Y. 11516.

7. This Court has personal jurisdiction over the Defendants through Florida Statute 48.193(1)(a), *inter alia*, (2) and (6).

8. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §1332 as all Plaintiffs are all Florida citizens with their principal place of business in Florida and with all members being Florida citizens; the Defendants are all New York citizens making all Plaintiffs completely diverse from all Defendants and because the amount in controversy exceeds $75,000.00.

9. This Court is the proper venue for the action pursuant to 28 U.S.C. § 1391(c).

## **COUNT I – NEGLIGENCE & MALPRACTICE**

10. The ARCPE Entities are in the business, amongst other things, of acquiring debt through the form of existing mortgages from lenders, in bulk, and servicing those loans.

11. The Defendants are, respectively, a lawyer and a law firm who specialize in real estate actions, foreclosures, and other real estate related legal matters including related to the Plaintiffs' business activities.

12. During the course of its business, ARCPE Entities often have to foreclose on secured properties to enforce their respective rights as a secured lender and/or lien holder.

13. In this respect, the Defendants served as legal counsel to the Florida Plaintiffs related to real estate issues where the real property was located in New York, New Jersey, Connecticut and/or the Bahamas.

14. Over the course of the last five years, the Defendants were engaged in several legal matters involving real estate which was secured by liens held by the Plaintiffs as will be set forth below.

15. Over the course of resolution, satisfaction, sale and/or settlement of the liens held respectively by the Plaintiffs, as will be set forth specifically below, Defendants received monies into their Trust Account for the benefit of the Plaintiff Entities on the respective transactions that were due to be paid to the Plaintiffs.

16. Despite Defendants receiving funds into their Trust Account earmarked and designated for the Plaintiffs, Defendants negligently failed to wire the funds to the respective Plaintiffs for which the moneys were specifically due, but instead negligently wired funds to third party entities with no affiliation to or interest held by the Plaintiffs because a contractor, Barry Brecher of Miami Beach, Florida, who controlled these third party entities, told Defendants to do so.

17. At all material times, Plaintiffs assigned Barry Brecher to oversee part of the litigations related to the Plaintiffs' secured interests including those handled by the Defendants.

18. Recently, it was uncovered that Mr. Brecher was engaged in fraud, conspiracy, conversion, civil theft, and breach of fiduciary duties when he – without authority – negotiated unauthorized settlements against existing loans in the Plaintiffs' portfolio of properties he was overseeing with property owners, sold those properties under false pretenses, forged documentation including closing documents and loan satisfactions, and diverted all monies from those assets to himself individually or through shell companies he set up and established such as Real Management LLC and Lux Construction LLC, both Delaware

entities operating principally out of Brecher's home residence at 930 West 47th Court Miami Beach, FL 33140.

19. Upon discovery, Brecher admitted he took the money without authority, but refused to return any funds.

20. For instance, February 5, 2021, Brecher, who oversaw some of the litigation on behalf of the Plaintiffs, without authority, caused the settlement of outstanding loans at Lot P26 LOT 218 CITY OF FREEPORT BS GRAND BAHAMA, in which $471,703.00 was due to be paid to Plaintiff ARCPE BAHAMAS, LLC. Defendants negligently caused all the funds in trust to be wired to a third-party unrelated entity instead of Plaintiff ARCPE BAHAMAS, LLC.

21. On May 11, 2022, Brecher, who oversaw some of the litigation on behalf of the Plaintiffs, without authority, caused the sale of 58 Howard St., Unit 3 Essex, NJ 07111, in which $116,230.25 was due to be paid to a federally chartered bank and Plaintiff Palm Avenue Hialeah Trust. Defendants negligently caused all the funds in trust to be wired to a third-party unrelated entity instead of Plaintiff Palm Avenue Hialeah Trust.

22. On January 4, 2023, Brecher, who oversaw some of the litigation on behalf of the Plaintiffs, without authority, caused the sale of 169-08 116TH STREET Jamaica NY 11433, in which $478,000.00 was due to be paid to Plaintiff ARCPE 1 LLC. Defendants negligently caused all the funds in trust to be wired to a third party unrelated entity instead of Plaintiff ARCPE 1 LLC.

23. On May 2, 2023 Brecher, who oversaw some of the litigation on behalf of the Plaintiffs, without authority, caused the settlement of an outstanding loan at 8711 135TH ST RICHMOND HILL NY 11418, in which $165,000.00 was due to be paid to Plaintiff

ARCPE HOLDING LLC. Defendants negligently caused all the funds in trust to be wired to a third-party unrelated entity instead of Plaintiff ARCPE HOLDING LLC.

24. On June 7, 2024, Brecher, who oversaw some of the litigation on behalf of the Plaintiffs, without authority, caused the sale of 24 Village Hill Drive, Dix Hills, NY 11746, in which $636,467.95 was due to be paid to a federally chartered bank and Plaintiff Palm Avenue Hialeah Trust. Defendants negligently caused all the funds in trust to be wired to a third-party unrelated entity, instead of Plaintiff Palm Avenue Hialeah Trust.

25. Had the Defendants used proper due care, the damages alleged in this action would have been avoided.

26. Plaintiffs did not discover and could not have discovered these issues until July 2024.

27. It was known to the Defendants that the two principals of the Plaintiffs with authority were John Olsen and David Gordon, not Barry Brecher.

28. As the lawyer and law firm, the Defendants had a duty to Plaintiff entities to act on their behalf and only with their authority, to wire funds for their benefit to an account designated in the name of the respective Plaintiffs for which the money was due with that entity's name on it, and to otherwise act with prudent care for the Plaintiffs and their monies.

29. The Defendants breached this duty, failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and were negligent when the Defendants sent and/or wired moneys belonging to the respective Plaintiffs as per the transactions set forth herein to unrelated third-party recipients by which the Plaintiffs held no interest and had no control (Lux Construction, LLC and/or Real Management, LLC which were owned solely by Brecher, a mere contractor of Plaintiffs

who Defendants knew or should have known had no authority to receive these funds) and which were controlled solely by Brecher, thereby depriving Plaintiffs of funds due to them.

30. The Defendants were negligent and committed malpractice because they knew or should have known the following:

    a) That all Trust funds were held in Trust for the benefit of the Plaintiff entities;

    b) That all wires were required to be sent to the lien holder Plaintiff entities whose loans were satisfied as a result of the sales/resolution;

    c) That no written or signed authentication was ever provided by the Plaintiffs or their controlling members with authority to send money to third party accounts;

    d) That no one had authority, other than John Olsen or David Gordon, to give instructions on where wires were to be sent and that neither ever gave or authorized any funds to be sent to third party entities and that all funds were held for the benefit of and should have been sent directly to Plaintiff entities on the respective transactions or to the federally chartered bank's lock box where they were due to be paid as a matter of law;

    e) That no one with authority approved wires to be sent to the Brecher controlled accounts of Lux Construction, LLC and/or Real Management, LLC;

    f) That Defendants failed to request any authorizing documents from the Plaintiffs, whether through an Operating Agreement, corporate resolution, signed payment authority, closing statements or otherwise;

    g) That Defendants failed to include Plaintiff entities owners and/or members on communications advising them of the closing, satisfactions and/or prospective payments that led to the negligent and unauthorized wire transfers at issue;

    h) That Defendants failed to communicate and/or send any e-mails to the members/owners of the Plaintiff LLCs requesting confirmation to re-route wire transfers to non-parties with no interest in the liens being satisfied or resolved;

    i) Defendants negligently took instruction from an unauthorized individual who was not an owner and negligently sent wire transfers from the Defendants' Trust Account that were designated to the benefit of the Plaintiff lienholders to third party entities, which Plaintiffs had no interest or affiliation and which were controlled instead solely by others who stole and/or converted the monies at issue.

31. The Defendants legally and proximately caused damages to the Plaintiffs when they sent wire transfers out of their Trust Account designated for the benefit of the Plaintiff entities to unrelated third parties, who stole the moneys.

WHEREFORE, Plaintiffs request judgment be entered against Defendants for the amounts due of at least $1,867,401.20, plus interest, costs and attorneys' fees.

Dated: September 17, 2024　　　　　　　　　　　　　　Respectfully Submitted,

**WAGNER LEGAL**
Attorney for Plaintiffs
3050 Biscayne Blvd., #701
Miami, FL 33137
Telephone: (305) 768-9247
Facsimile: (305) 306-8598
**By: /s/ Scott A. Wagner**
Scott Wagner, Esq.
Florida Bar No. 10244
sw@WagnerLegalCo.com