UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23586-BLOOM/Elfenbein

PALM AVENUE HIALEAH
TRUST, ACRPE 1 LLC,
ARCPE BAHAMAS LLC,
ARCPE HOLDINGS LLC

    Plaintiffs,

v.

ROSS EISENBERG, ESQ.,
ROSS EISENBERG LAW PLLC

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants Ross Eisenberg and Ross Eisenberg Law PLLC's (collectively "Defendants") Motion to Dismiss ("Motion"), ECF No. [10]. Plaintiffs Palm Avenue Hialeah Trust, ARCPE 1 LLC, ARCPE Bahamas LLC, and ARCPE HOLDING LLC (collectively "the ARCPE Entities" or "Plaintiffs") filed a Response in Opposition, ("Response"), ECF No. [17], to which Defendants filed a Reply, ECF No. [23]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, Defendants' Motion is denied.

**I.    BACKGROUND**

Plaintiffs filed a Complaint asserting one count of "Negligence & Malpractice" against Defendants. ECF. No. [1]. Plaintiffs allege they are in the business of acquiring debt through the form of existing mortgages from lenders, in bulk, and servicing those loans. *Id.* at ¶ 10. Defendants are, respectively, a lawyer and a law firm who specialize in real estate actions, foreclosures, and

other real estate related legal matters including those related to Plaintiffs' business activities. *Id.* at ¶ 11.

During the course of its business, Plaintiffs often have to foreclose on secured properties to enforce their respective rights as a secured lenders and/or lien holders. *Id.* at ¶ 12. In this respect, Defendants served as legal counsel to Plaintiffs related to real estate issues where the real property was located in New York, New Jersey, Connecticut and/or the Bahamas. *Id.* at ¶ 13. Over the course of resolution, satisfaction, sale, and/or settlement of the liens held by Plaintiffs, Defendants received monies into their Trust Account on the respective transactions that were owed to Plaintiffs. *Id.* at ¶ 15. Plaintiffs assert that despite Defendants receiving funds into their Trust Account designated for Plaintiffs, Defendants negligently failed to wire the funds, but instead wired funds to third parties with no affiliation to or interest held by Plaintiffs because a contractor, Barry Brecher ("Brecher"), who controlled these third party entities, told Defendants to do so. *Id.* at ¶ 16.

At all material times, Plaintiffs assigned Brecher to oversee parts of the litigations related to Plaintiffs' secured interests, including those handled by Defendants. *Id.* at ¶ 17. Recently, it was uncovered that Brecher engaged in fraud, conspiracy, conversion, civil theft, and breach of fiduciary duties when he – without authority – negotiated unauthorized settlements against existing loans in Plaintiffs' portfolio of properties he was overseeing, sold those properties under false pretenses, forged documentation including closing documents and loan satisfactions, and diverted all monies from those assets to himself or through shell companies he established. *Id.* at ¶ 18.

Plaintiffs contend that Defendants negligently wired funds to third party entities, despite those funds being earmarked and designated for Plaintiffs. *Id.* at ¶ 16. Plaintiffs allege five

Case No. 24-cv-23586-BLOOM/Elfenbein

instances of this conduct related to real property in New York, New Jersey, and the Bahamas between February 5, 2021, and June 7, 2024. *Id.* at ¶¶ 20-25.

Plaintiffs allege that Defendants, as a lawyer and a law firm, owed a duty to Plaintiffs to act on their behalf and only with their authority when wiring funds for Plaintiffs' benefit. *Id*. at ¶ 28. Defendants breached this duty by wiring funds belonging to Plaintiffs to unrelated third party recipients, over whom Plaintiffs had no control or interest, and who were controlled solely by Brecher. *Id.* at ¶ 29. Defendants were negligent and committed malpractice because they knew or should have known:

(a) That all trust funds were held in Trust for the benefit of the Plaintiff entities;

(b) That all wires were required to be sent to the lien holder Plaintiff entities whose loans were satisfied as a result of the sales/resolution;

(c) That no written or signed authentication was ever provided by the Plaintiffs or their controlling members with authority to send money to third party accounts;

(d) That no one had authority, other than John Olsen or David Gordon, to give instructions on where wires were to be sent and that neither ever gave or authorized any funds to be sent to third party entities and that all funds were held for the benefit of and should have been sent directly to Plaintiff entities on the respective transactions or to the federally chartered bank's lock box where they were due to be paid as a matter of law;

(e) That no one with authority approved wires to be sent to the Brecher controlled accounts [. . .];

(f) That Defendants failed to request any authorizing documents from the Plaintiffs, whether through an Operating Agreement, corporate resolution; signed payment authority, closing statements or otherwise;

(g) That Defendants failed to include Plaintiff entities owners and/or members on communications advising them of the closing, satisfactions and/or prospective payments that led to the negligent and unauthorized wire transfers at issue;

(h) That Defendants failed to communicate and/or send any e-mails to the members/owners of the Plaintiff LLCs requesting confirmation to re-route wire transfers to non-parties with no interest in the liens being satisfied or resolved;

3

> (i) Defendants negligently took instructions from an unauthorized individual who was not an owner and negligently sent wire transfers from the Defendant's Trust Account that were designated to the benefit of the Plaintiff lienholders to third party entities, which Plaintiffs had no interest or affiliation and which were controlled instead solely by others who stole and/or converted the monies at issue.

*Id.* at ¶ 30. By wiring Plaintiffs' funds to unrelated third parties, Defendants legally and proximately caused damages to Plaintiffs. *Id.* at ¶ 31.

Defendants move to dismiss the Complaint on three bases: (1) Plaintiffs fail to state a claim for negligence or malpractice; (2) Plaintiffs' Complaint is a shotgun pleading; and (3) Plaintiffs improperly exclude Brecher from the Complaint, who is an indispensable party to this matter. ECF No. [10].

Plaintiffs respond that the Complaint is not a shotgun pleading but request leave to amend should the Court deem it so. ECF No. [17] at 7-8. Further, Plaintiffs argue Defendants' substantive arguments are without merit and improper at this stage of the litigation. *Id.* at 3-6. Finally, Plaintiffs contend Brecher is a permissive party, but not an indispensable party to this case. *Id.* at 9.

Defendants reply that Brecher had apparent authority to authorize the wire transfers because Plaintiffs placed him in a position of authority when they assigned him to oversee parts of their litigation. ECF No. [23] at 2. Therefore, Plaintiffs fail to state a claim for negligence and legal malpractice because Defendants' reliance on Brecher's instructions was reasonable. *Id.* at 2-3.

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible . . . [b]ut if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, "[o]n a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 3:09cv495/MCR/EMT, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). The Court must take the factual allegations in the complaint as true and draw all inferences in favor of Plaintiff. *See Chaparro*, 693 F.3d at 1335; *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits.").

### B.  Shotgun Pleading

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). That pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).

5

Case No. 24-cv-23586-BLOOM/Elfenbein

The Eleventh Circuit has condemned shotgun pleadings and instructed district courts to dismiss them as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009). This is because "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

As the Eleventh Circuit explained in *Weiland v. Palm Beach County Sheriff's Office*, there are four ways a complaint may be found to be a shotgun pleading. *See* 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The most common type [of shotgun pleading] . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts." *Id.* at 1321. The next type is a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type occurs when the plaintiff does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. "Fourth and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 29.

**C. Indispensable Party**

Dismissal of an action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19 is a two-step inquiry. *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003); *N.H. Ins. Co. v. Cincinnati Ins. Co.*, No. 14-0099-CG-N, 2014 WL 3428911, at *2 (S.D. Ala. July 15, 2014). First, a court must decide "whether an absent party is required in the case under Rule 19(a)." *Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (citing

6

*Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). An absent party is considered necessary (i) if, in its absence, "the court cannot accord complete relief among [the] existing parties" to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties "at a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" upon the court's disposition of the current action. *See Moreiras v. Scottsdale Ins. Co.*, Case No. 20-cv-21303-BLOOM/Louis, 2020 WL 2084851, at *2 (S.D. Fla. Apr. 30, 2020); Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations"). If a court determines that an absent party does satisfy the Rule 19(a) criteria, *i.e.*, that the party is a required party, the court must order that party joined if its joinder is feasible. Fed. R. Civ. P. 19(a)(2); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1365-66 (N.D. Ga. 2012).

If the party is required and joinder is not feasible, the district court proceeds to the second inquiry, that is, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 683 (S.D. Fla. 2014) (quoting Fed. R. Civ. P. 19(b)); *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Devs. Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007).

### III. DISCUSSION

#### A. Failure to State a Claim

Defendants argue Plaintiffs failed to state a claim for negligence or legal malpractice because Brecher's instructions were an intervening cause, and therefore, Defendants were not the proximate cause of Plaintiffs' injuries. ECF No. [10] at 6. Defendants also contend they did not breach a duty of care owed to Plaintiffs because Brecher had apparent authority to authorize the wires. *Id.* at 6-8. Plaintiffs respond that Defendants' proximate cause and breach arguments are without merit and inappropriate at the motion to dismiss stage. ECF No. [17] at 3-5.

To state a claim for negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a specific injury; (2) the defendant breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

In the legal malpractice context, "a plaintiff must establish the existence of three essential elements: (1) that the defendant attorney was employed by the plaintiff; (2) that the defendant attorney neglected a reasonable duty owed to the plaintiff; and (3) that such negligence was the proximate cause of loss to the plaintiff." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1281 (11th Cir. 2004) (quoting *Olmsted v. Emmanuel*, 783 So.2d 1122, 1125 (Fla. 1st DCA 2001)).

#### i. Intervening Cause

Defendants argue their actions were not a proximate cause of Plaintiff's injuries because Brecher's instructions to Defendants were intervening and superseding causes responsible for Plaintiff's injuries. ECF No. [10] at 6. Plaintiffs respond that Defendants' liability could not be broken by an intervening or superseding cause because no independent acts intervened once Defendants wired Plaintiffs' funds to unrelated third parties. ECF No. [17] at 3. Further, Plaintiffs contend that Brecher's conduct would only stand as an intervening cause if, in addition to being

8

independent, it was unforeseeable, and whether an intervening cause is foreseeable is for the trier of fact and inappropriate at the motion to dismiss stage. *Id*. at 4.

Under Florida law, negligence is not actionable unless the tortfeasor is the proximate cause of the alleged injuries. *See Palma v. BP Pros. N. Am., Inc.*, 347 F. App'x 526, 527 (11th Cir. 2009) ("[T]he alleged negligence of [a defendant] must be the proximate cause of the [plaintiff's] injuries for the [plaintiff] to recover." (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003))). A cause is "proximate" where "prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Id*. "[A] negligent party is not liable for another's injuries when a separate force or action is the active and efficient intervening cause, the sole proximate cause or an independent cause." *Dep't of Transp. v. Anglin*, 502 So. 2d 896, 898 (Fla. 1987).

However, "[t]he issue of proximate cause is generally a question of fact concerned with 'whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred.'" *Goldberg v. Fla. Power & Light Co.*, 899 So. 2d 1105, 1116 (Fla. 2005) (quoting *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992)); *see also Roos v. Morrison*, 913 So. 2d 59, 68 (Fla. 1st DCA 2005) (quoting *Goldberg*, 899 So. 2d at 1116) (reversing a trial court's dismissal of a complaint on intervening cause grounds because "[t]he question of whether an intervening cause is foreseeable is for the trier of fact"); *State, Dep't of Transp. v. V.E. Whitehurst & Sons, Inc.*, 636 So. 2d 101, 104 (Fla. 1st DCA 1994) ("Factual determinations . . . are not properly determined in a motion to dismiss.").

In support of their intervening cause argument, Defendants cite to four cases – none of which are binding on this Court and three of which were not decided at the motion to dismiss stage. *See Tardif v. People for Ethical Treatment of Animals*, 829 F. Supp. 2d 1219, 1234 (M.D. Fla.

9

2011) (considering intervening cause on motion for summary judgment); *Ralston Dry-Wall Co., Inc. v. U.S. Gypsum Co.*, 926 F.2d 99, 102 (1st Cir. 1991) (same); *PNC Bank v. Amerus Life Ins. Co.*, No. 06-3743, 2007 WL 2988625, at *2 (3d Cir. 2007) (analyzing proximate cause while considering an appeal from a bench trial). The single case Defendants cite to on a motion to dismiss standard is *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994), which affirmed dismissal on proximate cause grounds in the context of a lender's suit against a mortgage broker and borrowers for fraudulent inducement. *Id.* at 772. However, in *First Nationwide Bank*, the Second Circuit based its dismissal on the complaint's deficiencies in pleading causation because of a time lapse between the alleged fraud and the plaintiff's injury, and the presence of external factors like a real estate market crash. *See id.* at 769-72.

Here, however, Defendants do not base their arguments on any general pleading deficiencies or time lapses between the alleged action and injury like in *First Nationwide Bank*. Nor were such arguments available to them, since, as alleged in the Complaint, Defendants acted uninterrupted in this case when they wired Plaintiffs' funds to unrelated third parties, and the injury to Plaintiffs was instant. *See* ECF No. [1] at ¶¶ 20-24; ECF No. [17] at 4. Instead, Defendants base their arguments on the affirmative defense of intervening cause, which "generally . . . will not support a motion to dismiss." *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976 (11th Cir. 2015) (quoting *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *en banc reh'g*, 764 F.2d 1400 (11th Cir. 1985) (per curiam) (reinstating panel opinion))."A complaint may be dismissed, however, when the existence of an affirmative defense 'clearly appears on the face of the complaint.'" *Id.* Defendants' intervening cause affirmative defense does not appear on the face of Plaintiff's Complaint and therefore does not provide a basis for dismissal.

10

### ii. Apparent Authority

Defendants next argue they did not breach a duty of care owed to Plaintiffs because Brecher had apparent authority to give Defendants instructions to transfer funds. ECF No. [10] at 7. Defendants note Plaintiffs entrusted Brecher "with handling and oversight of litigation that was undertaken to enforce the Plaintiffs' rights as lienholders." *Id*. Further, Defendants argue Plaintiffs failed to allege sufficient facts to establish Defendants had special knowledge that Brecher, in instructing Defendants, was not acting in Plaintiffs' interest. *Id.* at 8. In response, Plaintiffs maintain they adequately pled breach when they alleged that "Defendants received monies into [] Defendants' Trust Account for the benefit of [] Plaintiffs . . . and then failed to exercise reasonable care and diligence by blindly sending those monies due [to] Plaintiffs to unrelated third party entities merely because a contractor who oversaw part of the litigation asked Defendants to do so." ECF No. [17] at 5; ECF No. [1] at ¶¶ 28-30. Further, Plaintiffs point out they never represented to Defendants that Brecher had authority to divert Plaintiffs' funds, and their Complaint alleged Brecher never had such authority. ECF No. [1] at ¶¶ 27; ECF No. [17] at 6.

Under Florida's agency law, apparent authority "is a form of estoppel [which arises] from 'the authority a principal knowingly tolerates or allows an agent to assume, or which the principal by his actions or words holds the agent out as possessing.'" *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1312 (11th Cir. 2019) (quoting *Regions Bank v. Maroone Chevrolet, L.L.C.*, 118 So. 3d 251, 255 (Fla. 3d DCA 2013)). If a principal clothes another "with an apparent authority to act for it . . . and persons deal with him in good faith, it will be bound to the same extent precisely as if such apparent authority were read." *Johnson v. Chase Bankcard Servs., Inc.*, 582 F. Supp. 3d 1230, 1240 (M.D. Fla. 2022) (quoting *Jacksonville Am. Pub. Co. v. Jacksonville Paper Co.*, 143 Fla. 835, 851 (Fla. 1940)).

11

To establish apparent authority, a litigant must prove: "(1) a representation by the purported principal; (2) a reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation." *Fla. Power & Light Co. v. McRoberts*, 257 So. 3d 1023, 1026 (Fla. 4th DCA 2018) (quoting *Lensa Corp. v. Poinciana Gardens Ass'n, Inc.*, 765 So.2d 296, 298 (Fla. 4th DCA 2000)). However, "when there has been no representation of authority by the principal, no apparent or implied agency arises." *Stalley v. Transitional Hosps. Corp. of Tampa, Inc.*, 44 So. 3d 627, 630 (Fla. 2d DCA 2010). "The acts of the agent, standing alone, are insufficient to establish that the agent is authorized to act for the principal." *Id.* (citing *Owen Indus., Inc. v. Taylor*, 354 So. 2d 1259, 1262 (Fla. 2d DCA 1978)). "Instead, the principal must ratify the agent or the authority of the agent to act." *McRoberts*, 257 So. 3d at 1026.

*McRoberts* is instructive. There, the plaintiff believed he entered an agreement to sell land to Florida Power and Light ("FPL") for a commission. *Id.* The plaintiff's contention that a contract existed was based on discussions, and a "solid handshake" with a senior FPL official, whom the plaintiff recognized from local newspapers for his role at the company. *Id.* at 1024-25. The court found that the plaintiff failed to establish apparent authority because there was no evidence that FPL knowingly permitted the official to assume the authority the official claimed, nor did FPL hold the agent out as possessing such authority. *Id.* at 1026. Moreover, the plaintiff's knowledge of the official's position at FPL "[did] not establish that FPL held out [the official] as having the authority to enter into the contract." *Id.* Finally, FPL never ratified the purported agent's authority to bind it. *Id.* Therefore, the court determined that apparent authority did not exist. *Id.* at 1026-27.

Here, taking the Complaint's allegations as true, Defendants' apparent authority argument is without merit. Defendants contend Brecher had apparent authority to authorize wire payments because Plaintiffs entrusted Brecher to oversee litigation undertaken to enforce Plaintiffs' rights

are lienholders. ECF No. [10] at 7. But the Complaint alleges that Defendants had no representation from Plaintiffs that Brecher had authority to direct wire payments. *See* ECF No. [1] at ¶ 27. Plaintiffs allege that "[i]t was known to [] Defendants that the two principals of the Plaintiffs with authority were John Olsen and David Gordon, not Barry Brecher." *Id.* Similar to *McRoberts*, Defendants' contention that Brecher had apparent authority to oversee some of Plaintiffs' litigation is insufficient, as a matter of law, to establish Brecher was authorized to direct wire payments. *See McRoberts*, 257 So. 3d at 1026. Accordingly, Defendants apparent authority argument fails at this stage.

### B. Shotgun Pleading

Defendants seek to dismiss Plaintiffs' Complaint as the third kind of shotgun pleading identified in *Weiland*, namely, "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d F.3d 1313, 1322. Defendants point out that the Complaint's single count combines negligence and malpractice into a single cause of action when "[t]hey are clearly two separate counts intermingled with one another." ECF No. [10] at 9. Plaintiffs do not squarely address this contention, but respond that the allegations are specific and make clear the claim against Defendants. ECF No. [17] at 7-8. Alternatively, Plaintiffs request to amend the Complaint should this Court deem the Complaint a shotgun pleading. *Id.* at 8.

Defendants fail to explain how pleading negligence and malpractice as a single count fails to give them "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. "[T]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. Shotgun pleadings are "calculated to confuse the 'enemy,' and the court, so that theories for relief not

13

provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). Thus, it is when complaints are "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts" that courts condemn them as shotgun pleadings. *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (condemning a complaint that included, *inter alia*, a single count labeled "Wrongful Placement and Adoption" as a shotgun pleading because it included at least nine discrete theories of recovery under that count, including: negligent breach of duty, negligence per se, breach of fiduciary relationship, duress, and intentional infliction of emotional distress); *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1175 n.5 (11th Cir. 1996) (condemning a plaintiff's complaint that asserted several discrete causes of action under the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments in a single count as a "quintessential 'shotgun pleading'").

Unlike a single count that commingles causes of action like breach of fiduciary duty and intentional infliction of emotional distress — two distinct claims that involve different legal principles, elements, and address different types of harm — negligence and malpractice have identical elements and address the same kind of circumstances. *See Cesnik*, 88 F.3d at 905; *Recreational Design & Const. Inc. v. Wiss, Janney, Elstner Assocs., Inc.*, 867 F. Supp. 2d 1234, 1237 (S.D. Fla. 2011) (citing *Moransais v. Heathman*, 744 So. 2d 973, 975 n.3 (Fla. 1999) ("The elements for professional malpractice under Florida law mirror those elements for a traditional negligence claim.")). Accordingly, the Complaint does not constitute a shotgun pleading.

### C. Failure to Join an Indispensable Party

Defendants also argue Plaintiffs' Complaint is procedurally deficient because it fails to include Brecher as a named Defendant, who they contend is an indispensable party. ECF No. [10]

at 10. Defendants argue that Brecher "was the principal placed in charge of the Plaintiffs at their owner's direction," and "undertook the fraud that has caused this harm to the Plaintiffs and their owners." *Id.* Plaintiffs respond that Defendants' Motion should be denied because Defendants failed to cite to any case law, analyze Rules 19 and 12(b)(7), or otherwise explain why this Court cannot accord complete relief among the existing parties. ECF No. [17] at 9. Further, Plaintiffs argue Brecher is at most a permissive party, not an indispensable one, and rely on *Temple v. Synthes Corp.*, 498 U.S. 5,7 (1990) ("it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."), which they argue establishes that potential joint tortfeasors are not required parties under Rule 19(a). ECF No. [17] at 9-10.

Intentional tortfeasors are not indispensable in negligence actions because "negligent acts are fundamentally different than intentional acts." *Merrill Crossings Assocs. v. McDonald*, 705 So. 2d 560, 562 (Fla. 1997) (citations omitted) (holding that it is error to apportion fault between a negligent tortfeasor and absent intentional tortfeasor); *see also Nash v. General Motors Corp.*, 734 So. 2d 437, 440 (Fla. 3d DCA 1999) ("[I]t was error for the drunk driver, an intentional tortfeasor, to appear on the same verdict form as General Motors, the negligent tortfeasor[.]"); *Jones v. Budget Rent-A-Car Sys., Inc.*, 723 So. 2d 401 (Fla. 3d DCA 1999) (reversing a trial court's decision to include both a negligent and an intentional tortfeasor on the same verdict form, where the negligent defendant sought "to offset its negligence by shifting liability to the intentional tortfeasor.").

Defendants' indispensable party argument is unconvincing because the nature of Brecher's alleged conduct differs from that of Defendants. *See Merrill Crossings Assocs.*, 734 So. 2d at 562. Plaintiffs' claims against Defendants arise out of the alleged negligent breach of Defendants' duty of care, while any claims Plaintiffs may have against Brecher would arise out of Brecher's

15

intentional conduct. *Id.* As such, the Court finds that Brecher is not an indispensable party to this matter.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [10]**, is **DENIED**.

2. Defendants shall answer the Complaint no later than **March 27, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 13, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record