UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23586-BLOOM/Elfenbein

**PALM AVENUE
HIALEAH TRUST**, *et al.*,

    Plaintiffs,

v.

**ROSS EISENBERG**, *et al.*,

    Defendants.
_____/

<u>**ORDER ON MOTION TO QUASH AND FOR PROTECTIVE ORDER**</u>

**THIS CAUSE** is before the Court on Non-parties Lux Construction Services Inc. ("Lux") and Real Management Associates' ("Real") Motion to Quash Subpoena and Motion for Protective Order Prohibiting Subpoena (the "Motion"), ECF No. [33].  In the Motion, Non-parties Lux and Real explain that they "have learned from JP Morgan Chase Bank, NA" ("Chase") that Plaintiffs have served Chase with "a subpoena to produce Lux's and Real's banking records," which they contend "contain their private and confidential financial information and trade secrets."  *See* ECF No. [33] at 1.  They ask the Court to quash the subpoena to Chase and enter a protective order prohibiting Chase from providing the information requested in the subpoena.  *See* ECF No. [33] at 4.  For the reasons explained below, the Motion, **ECF No. [33]**, is **GRANTED in part** and **DENIED in part**.

**I.   RELEVANT BACKGROUND**[1]

This case concerns real estate transactions between Plaintiffs Palm Avenue Hialeah Trust,

---

[1] The Court takes these background details from the allegations in the Complaint. They are given solely to provide context for the Motion to Quash. The Court does not comment on or decide whether they are true.

ARCPE 1 LLC, ARCPE Bahamas LLC, and ARCPE Holding LLC and Defendants Ross Eisenberg and Ross Eisenberg Law PLLC. Plaintiffs are businesses that acquire existing mortgage debt, in bulk, from lenders and then service those loans. *See* ECF No. [1] at 2. Defendants are a lawyer and a law firm who "specialize in real estate actions, foreclosures, and other real estate related legal matters including related to the Plaintiffs' business activities." *See* ECF No. [1] at 2. Defendants "served as legal counsel" to Plaintiffs in the transactions at issue in this case. *See* ECF No. [1] at 2.

Plaintiffs often have to foreclose on secured properties to enforce their respective rights as a secured lender or lien holder. *See* ECF No. [1] at 2. During the resolution, satisfaction, sale, or settlement of some of Plaintiffs' liens, "Defendants received monies into their Trust Account for the benefit of" Plaintiffs that "were due to be paid to" Plaintiffs. *See* ECF No. [1] at 3. Instead of wiring those funds to Plaintiffs, however, Defendants wired the funds to Lux and Real. *See* ECF No. [1] at 3. Defendants wired the funds to Lux and Real at the direction of Barry Brecher, a contractor for Plaintiffs who controls Lux and Real. *See* ECF No. [1] at 3.

Plaintiffs had assigned Brecher to oversee part of the litigations related to their secured interests, including those interests Defendants handled. *See* ECF No. [1] at 3. But Breacher did not have authority to direct funds to himself, Lux, or Real. *See* ECF No. [1] at 3–4. Plaintiffs filed this lawsuit against Defendants because they allege that, had "Defendants used proper due care," the damages alleged in this action would have been avoided." *See* ECF No. [1] at 5. Plaintiffs bring one claim for negligence and malpractice against Defendants. *See* ECF No. [1] at 2–7.

As part of their discovery requests in this case, Plaintiffs sent a subpoena to the Bank seeking "[a]ll account opening and ownership documents, including but not limited to signature cards" and "[a]ll bank statements from January 1, 2020 to present" for accounts belonging to Lux

Case 1:24-cv-23586-BB   Document 41   Entered on FLSD Docket 05/06/2025   Page 3 of 12

CASE NO. 24-CV-23586-BLOOM/Elfenbein

and Real.  *See* ECF No. [33] at 1.  Lux and Real now move to quash the subpoena, and they also request a protective order prohibiting Chase from releasing the information the subpoena seeks. *See generally* ECF No. [33].  They argue that the subpoena seeks private and confidential financial information and trade secrets, which they have a personal right to and a privilege in protecting from disclosure.  *See* ECF No. [33] at 2.

In response, Plaintiffs argue that the "documents sought by the Chase subpoena are clearly relevant" because Plaintiffs "have the obvious right to discover the details of any transfers that" Defendants "made to Lux and Real" and that the "subpoena is reasonably tailored for this purpose." *See* ECF No. [37] at 3.  They argue they have properly limited the date range of the requested bank records and that the documents must come directly from Chase "because if these business records are not properly authenticated then they could be challenged for their use in court."  *See* ECF No. [37] at 3.  They also argue the "account opening and ownership documents are sought in order to discover information relating to the identity, ownership and control of Lux and Real," which they need to know to determine whether Defendants "assisted in the opening of these accounts" or whether Defendants "had any control or authority over these accounts."  *See* ECF No. [37] at 3–4.

Plaintiffs further argue Lux and Real do not have standing to challenge the subpoena because those companies do not have a personal interest or an expectation of privacy in the information sought.  *See* ECF No. [37] at 5–6.  They argue Lux and Real have not shown the information is confidential or proprietary and have not identified what trade secrets are included in the requested bank records.  *See* ECF No. [37] at 6.  They argue corporate entities cannot have personal privacy rights in bank statements, and, even if they did, those rights would be overridden here because the records are relevant.  *See* ECF No. [37] at 6–7.  Finally, they argue there is no undue burden because the subpoenas do not require Lux and Real to do anything, and Chase has

not objected.  *See* ECF No. [37] at 7.

The Court held a hearing on the Motion on April 30, 2025 (the "Hearing").  *See* ECF No. [35]; ECF No. [39].  During the Hearing, Lux and Real argued that the bank statements are trade secrets because they contain information about the people and entities with whom Lux and Real conduct financial transactions, which they derive economic value from no one else knowing. Lux and Real asked the Court to, at a minimum, limit the scope of the subpoena to only the transactions between them and Defendants, as those are the only transactions relevant to the claims in the Complaint.  Ultimately, Lux and Real represented that they did not object to the production of that more narrow subset of documents, and they offered to get the bank records from Chase themselves and provide them to Defendants, along with account opening signature cards bearing Brecher's signature and an affidavit that Brecher controls the two companies.

Plaintiffs argued that they should be able to obtain information about all of Lux and Real's transactions because they are still investigating whether Lux and Real conspired with Defendants to convert Plaintiffs' funds. They also argued that they need the account opening records for Lux and Real because they are trying to understand with whom exactly Defendants were transacting business, as they have been unable to find secretary of state records that disclose who controls, or has the authority to act on behalf of, these entities.  Finally, they argued that Lux and Real do not have standing to object to the subpoena to Chase because corporate entities do not have personal rights or privileges in bank statements and because Chase has not itself objected on the ground of undue burden.  The Motion is now ripe for review.

## II.   LEGAL STANDARDS

### a. Motions for Protective Order

Under Federal Rule of Civil Procedure 26, parties "may obtain discovery regarding any

4

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." *See* Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by "forbidding the disclosure or discovery"; "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters"; and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See* Fed. R. Civ. P. 26(c)(1)(A), (D), (G). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." *See* Fed. R. Civ. P. 26(c)(2).

      b. **Motions to Quash**

Under Rule 45(d), "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *See* Fed. R. Civ. P. 45(d)(2)(B). "On timely motion, the court . . . must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

"To protect a person subject to or affected by a subpoena, the court . . . may, on motion, quash or modify the subpoena if it requires . . . disclosing a trade secret or other confidential

5

research, development, or commercial information." See Fed. R. Civ. P. 45(d)(3)(B)(i). Alternatively, "the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party" both "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship" and "ensures that the subpoenaed person will be reasonably compensated." See Fed. R. Civ. P. 45(d)(3)(C).

### c. Bank Records

"The books and records pertaining to trust accounts and the deposit accounts and loans of depositors, borrowers, members, and stockholders of any financial institution shall be kept confidential by the financial institution and its directors, officers, and employees and may not be released except upon express authorization of the account holder as to her or his own accounts, loans, or voting rights." See Fla. Stat. § 655.059(2)(b). Even so, § 655.059 "does not prohibit" a "financial institution from disclosing financial information as referenced in this subsection as authorized in" 15 U.S.C. § 6802. See Fla. Stat. § 655.059(2)(b)(1). For its part, § 6802 does "not prohibit the disclosure of nonpublic personal information" to "comply with a properly authorized civil . . . subpoena or summons by Federal . . . authorities." See 15 U.S.C. § 6802(e)(8).

"Generally, private individual financial information is not discoverable when there is no financial issue pending in the case to which the discovery applies." See Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 457–58 (Fla. 2012); Aspex Eyewear, Inc. v. Ross, 778 So. 2d 481, 481–82 (Fla. 4th DCA 2001) ("Ordinarily the financial records of a party are not discoverable unless the documents themselves or the status which they evidence is somehow at issue in the case."). "However, where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable." See Am. Educ. Enters., LLC, 99 So. 3d at 458 (quotation marks omitted). "The

concept of relevancy has a much wider application in the discovery context than in the context of admissible evidence at trial." *Id.* "A party's financial information, if relevant to the disputed issues of the underlying action, is not excepted from discovery under this rule of relevancy, and courts will compel production of financial documents and information if shown to be relevant to a pending action." *Id.*; *see also Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189, 194 (Fla. 2003).

### d. Standing

In general, a "party does not have standing to challenge discovery propounded to a non-party, unless the party has a personal right or privilege concerning the subject matter of the documents or information sought." *See Hernandez v. Burrows*, No. 20-22721-CIV, 2021 WL 5999431, at *3 (S.D. Fla. Dec. 20, 2021). But parties "have a personal interest in their financial . . . records sufficient to confer standing to challenge a subpoena directed to a third-party." *See, e.g.*, *Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) (quotation marks omitted). And parties have standing to challenge "the relevancy or discoverability of" subpoenaed materials, "as that argument is one in which" they have "a personal right or privilege." *See Hernandez*, 2021 WL 5999431, at *4. Still, they do not "have standing to quash" a subpoena "on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *See id.* at *3 (quotation marks omitted).

## III. DISCUSSION

As an initial matter, the Court concludes that Lux and Real have standing to challenge the subpoena to Chase. First, despite Plaintiffs' argument that corporate entities do not have personal rights or privileges in bank statements, courts in this District have held the opposite. *See Peninsula*

*Petroleum Ltd. v. CI Int'l Fuels LLC*, No. 22-CV-20712, 2023 WL 8476409, at *2 (S.D. Fla. Sept. 12, 2023) (citing several cases involving corporate entities and noting that "numerous courts have held that" they "have a sufficient personal interest in their financial records to confer standing to challenge a subpoena issued to a third-party"). While Plaintiffs cite a case from the Middle District of Florida in support of their argument, the Court does not find the analysis in that decision to be persuasive and chooses to follow the opposing precedent from this District.

Second, Florida law makes clear that even non-parties can have personal interests in their financial records sufficient to confer standing to challenge a subpoena directed to a third-party. *See, e.g.*, *Keim*, 2016 WL 720967, at *2. Indeed, non-parties have standing to challenge the relevancy or discoverability of subpoenaed materials, as that argument is one in which they have a personal right or privilege. *See Hernandez*, 2021 WL 5999431, at *4. Here, Lux and Real challenge the relevance of the subpoenaed bank records, *see* ECF No. [33] at 7, which seek information about Lux and Real's financial transactions and account opening documents. *See* Fla. Stat. § 655.059(2)(b) (noting that records pertaining to deposit accounts of depositors of any financial institution must be kept confidential by the financial institution and may not be released except upon express authorization of the account holder as to her or his own accounts). That is enough to confer standing on Lux and Real.

Moving to the merits of Lux and Real's challenge, the Court notes that § 655.059 does not prohibit a financial institution from disclosing nonpublic, personal financial information if it does so to comply with a properly authorized civil subpoena by Federal authorities. *See* Fla. Stat. § 655.059(2)(b)(1); 15 U.S.C. § 6802(e)(8). And, under Florida law, if the subpoenaed financial documents and information are relevant to the subject matter of the pending action, it is not excepted from discovery; instead, it is fully discoverable, and courts will compel its production.

*See Am. Educ. Enters., LLC*, 99 So. 3d at 458; *Friedman*, 863 So. 2d at 194.  Thus, to determine whether to grant Lux and Real the protective order they seek, the Court must decide whether the subpoenaed bank records are relevant to the subject matter of this case.  The Court finds that they are, in part.

As explained above, the concept of relevancy has a much wider application in the discovery context than in the context of admissible evidence at trial.  *See Am. Educ. Enters., LLC*, 99 So. 3d at 458.  In fact, Rule 26 allows parties to obtain discovery of *any* nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs seek all account opening and ownership documents (including signature cards) and all bank statements from January 1, 2020 to the present for accounts belonging to Lux and Real.  *See* ECF No. [33] at 1.  The bank statements are relevant to Plaintiffs' claim that Defendants negligently transferred Plaintiffs' funds to Lux and Real instead of to Plaintiffs because they will show whether transfers between Defendants, Lux, and Real occurred and, if so, how often and for how much.

Similarly, the account opening documents are relevant to Plaintiffs' claim that Defendants negligently transferred Plaintiffs' funds to Lux and Real instead of to Plaintiffs because they will show who had the right to control, or had the authority to act on behalf of, the entities.  Plaintiffs' theory of the case is that Brecher directed Defendants to transfer Plaintiffs' funds to Lux and Real instead of to Plaintiffs.  The account opening documents will prove or disprove whether Brecher had control over the entities that received Plaintiffs' funds, which would support or refute an inference that Defendants — by trusting the representations of Plaintiffs' contractor instead of seeking direction from Plaintiffs themselves — did not exercise proper care in their handling of Plaintiffs' funds.  That is enough to meet the Rule 26(b)(1) relevance standard.

For that reason, at least some of the subpoenaed materials are discoverable.[2] *See Am. Educ. Enters., LLC*, 99 So. 3d at 458; *Friedman*, 863 So. 2d at 194. Florida law is clear that when financial information is relevant, a party or non-party's personal privacy interests must yield to the litigant's need to obtain the material through discovery to prove its claim or defense. *See Keim*, 2016 WL 720967, at *2; *Am. Educ. Enters., LLC*, 99 So. 3d at 458; *Friedman*, 863 So. 2d at 194. Indeed, at the Hearing, Lux and Real ultimately withdrew their objections to Chase producing bank statements showing transactions — going in both directions — between Lux and Defendants and between Real and Defendants.

Lux and Real are correct, however, that Plaintiffs' subpoena is overbroad. The subpoena seeks *all* bank statements from 2020 to now. But the Complaint contains only one claim, which is for negligence and professional malpractice against Defendants. *See generally* ECF No. [1]. Because Plaintiffs' theory of the case implicates Lux and Real as they may be controlled by Brecher, who Plaintiffs allege directed Defendants to divert Plaintiffs' money to his own companies, transactions between Defendants and Lux and between Defendants and Real are relevant to the Plaintiffs' claim. *See* ECF No. [1]; Fed. R. Civ. P. 26(b)(1).

On the other hand, transactions between Lux and anyone other than Defendants or between Real and anyone other than Defendants are not connected closely enough to Plaintiffs' current allegations and claim to meet Rule 26's relevance standard. *See generally* ECF No. [1]. Plaintiffs do not allege, or bring claims against Defendants for, conspiracy, fraudulent transfer, conversion, or any other intentional tort that would justify allowing broader discovery into financial transactions between Lux, Real, and anyone other than Defendants. As a result, Lux and Real's

---

[2] The Court notes that, because Lux and Real ultimately withdrew their objections to Plaintiffs' request for bank statements between them and Defendants and for account opening and ownership documents, the Court does not need to decide — and does not decide — whether the requested records are trade secrets.

10

privacy interests in those transactions win out, and they may not be subpoenaed. *See Keim*, 2016 WL 720967, at *2; *Am. Educ. Enters., LLC*, 99 So. 3d at 458; *Friedman*, 863 So. 2d at 194. Accordingly, the Motion, **ECF No. [33]**, is **GRANTED in part and DENIED in part**.

## IV. CONCLUSION

To properly balance the litigation needs and privacy interests here, the Court will limit the scope of the subpoena to Chase.[3] *See* Fed. R. Civ. P. 26(c)(1)(D) (allowing courts to limit the scope of disclosure or discovery to certain matters); Fed. R. Civ. P. 26(c)(2) (allowing courts to order that any party or person provide or permit discovery). Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Chase must produce to Plaintiffs bank statements showing all transactions between Lux and Defendants and any transactions between Real and Defendants;

2. Chase must produce to Plaintiffs all account opening and ownership documents (including signature cards) for Lux and Real's bank accounts;

3. Chase must redact any social security numbers from any records it produces;

4. Chase must not produce to Plaintiffs — or must redact — any transactions between Lux and anyone other than Defendants and any transactions between Real and anyone other than Defendants; and

5. Chase must produce all responsive documents to Plaintiffs **no later than May 19, 2025**. If Chase needs additional time to produce the responsive documents to Plaintiffs, it may seek a consent extension from Plaintiffs or, if Plaintiffs will not agree to a consent extension, it may move the Court for an extension.

---

[3] The Court agrees with Plaintiffs that the documents must come directly from Chase to ensure that the business records are properly authenticated, *see* ECF No. [37] at 3, so it declines Lux and Real's offer to get the bank records from Chase and provide them to Defendants along with an affidavit that Brecher controls the two companies.

CASE NO. 24-CV-23586-BLOOM/Elfenbein

**DONE and ORDERED** in Chambers in Miami, Florida on May 6, 2025.

_/s/ Marty FEb_
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record