UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23586-BLOOM/Elfenbein

PALM AVENUE HIALEAH TRUST,
ACRPE 1 LLC,
ARCPE BAHAMAS LLC,
ARCPE HOLDING LLC,

    Plaintiffs,

v.

ROSS EISENBERG, ESQ., and
ROSS EISENBERG LAW PLLC,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiffs Palm Avenue Hialeah Trust, ARCPE 1 LLC, ARCPE Bahamas LLC, and ARCPE Holding LLC's (collectively "Plaintiffs") Motion to Strike Defendants' Affirmative Defenses ("Motion"), ECF No. [36]. Defendants Ross Eisenberg, Esq. and Ross Eisenberg Law, PLLC (collectively "Defendants") filed a Response in Opposition ("Response"), ECF No. [40], to which Plaintiffs filed a Reply, ECF No. [42]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Plaintiffs' Motion is granted in part and denied in part.

**I.    BACKGROUND**

In their Complaint, ECF No. [1], Plaintiffs allege they "are in the business of acquiring debt through the form of existing mortgages from lenders, in bulk, and servicing those loans." ECF No. [36] (citing ECF No. [1] at ¶ 10). "Defendants are, respectively, a lawyer and law firm who specialize in real estate actions, foreclosures, and other real estate[-]related legal matters[,] including those related to Plaintiffs' business activities." *Id.* (citing ECF No. [1] at ¶ 11). "Plaintiffs

allege that during the course of these representations, over a period of years, [ ] Defendants negligently transferred money to unrelated third[-]party entities, Real Management Associates and Lux Construction Services, at the direction of Plaintiffs' contractor, Barry Brecher." *Id.* at 2 (citing ECF No. [1] at ¶ 16). Defendants filed their Answer and Affirmative Defenses to the Complaint, ECF No. [29], asserting thirteen Affirmative Defenses. Plaintiff subsequently filed the instant Motion seeking to strike the Second, Fourth, Eighth, Eleventh, Twelfth and Thirteenth Affirmative Defenses as insufficient. ECF No. [36]. Defendants respond that each Affirmative Defense "is legally cognizable, factually grounded, and appropriately pled." ECF No. [40] at 2. The Court reviews each Affirmative Defense in turn.

## II. LEGAL STANDARD

### A. Pleading Standard for Affirmative Defenses

An affirmative defense is a defense that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716, F. Supp. 1416, 1420 (M.D. Fla. 1989)). District courts in the Eleventh Circuit have been split as to the pleading standard necessary for affirmative defenses. *See FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018). While some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) required by *Twombly* and *Iqbal*, *see, e.g.*, *Torres v. TPUSA, Inc.*, No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009), other courts have concluded that affirmative defenses need only satisfy the "less stringent standards" of Rules 8(b) and 8(c) and thus "need only 'provide fair notice of the nature of the defense and the grounds upon which it rests.'" *Laferte v. Murphy Painters, Inc.*, No. 17-cv-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017)

(quoting collecting cases); see *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 681 (S.D. Fla. 2015). Recent opinions within this district have reinforced that affirmative defenses need not "satisfy the strictures of *Twombly* and *Iqbal*." *Mad Room, LLC v. City of Miami*, No. 21-cv-23485, 2024 WL 2776173, at *1 (S.D. Fla. May 30, 2024). The Court agrees with the "growing number of courts" that the lower pleading standard for affirmative defenses "is faithful both to the letter and the spirit of Rules 8(b) and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent." *Tsavaris*, 310 F.R.D at 682.

Because this Court follows the lower pleading standard requirement set forth in Rules 8(b) and 8(c), an affirmative defense need only provide the opposing party "fair notice of the nature of the defense and the grounds upon which it rests." *Forsythe v. Starboard Yacht Group, LLC*, 345 F.R.D. 544, 548 (S.D. Fla. 2023) (quoting *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019)). In other words, an affirmative defense is sufficiently pled if "a plaintiff has notice that an affirmative defense will be raised at trial." *Hewitt v. Mobile Research Tech., Inc.,* 285 F. App'x. 694, 696 (11th Cir. 2008) (citing *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988)).

**B. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedures provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (citing *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)); see *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D.

Fla. Aug. 21, 2007); *U.S. Commodity Futures Trading Comm'n v. Minto, LLC*, Case No. 15–cv–61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016). While courts have "broad discretion when considering a motion to strike, [ ] striking defenses from a pleading remains a drastic remedy to be resorted to only when required for the purposes of justice and only when the stricken material has no possible relation to the controversy." *Lalusis v. NCL (Bah.) Ltd.*, Case No. 24-cv-21354, 2024 WL 3183238, *1 (S.D. Fla. June 26, 2024) (quoting *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018)). That being said, "affirmative defenses may be stricken if the defense is 'insufficient as a matter of law.'" *Forsythe*, 345 F.R.D. at 546 (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id*.

### III. DISCUSSION

#### A. Second Affirmative Defense

Defendant's Second Affirmative Defense states:

**Second Affirmative Defense – Indispensable Party**

Plaintiffs' claims are barred in whole or in part due to their failure to join the party responsible, whom they admit is responsible for the taking of the funds, Barry Brecher. This is further supported by the fact that Plaintiff ARCPE Bahamas, LLC, has filed suit against Barry Brecher in Miami-Dade County in an action captioned ARCPE Bahamas, LLC, v. Barry B. Brecher, case number 2025- 002167-CA-01. ECF No. [29] at 11.

As this Court stated in its Order on Defendant's Motion to Dismiss, , Brecher is not an indispensable party. *See* ECF No. [27] at 15. Intentional tortfeasors are not indispensable in negligence actions because "negligent acts are fundamentally different than intentional acts." *Merrill Crossings Assocs. v. McDonald*, 705 So. 2d 560, 562 (Fla. 1997) (citations omitted)

(holding that it is error to apportion fault between a negligent tortfeasor and absent intentional tortfeasor). As such, the Second Affirmative Defense is invalid as a matter of law and is stricken.

### **Fourth Affirmative Defense – Lack of Proximate Cause**

> Plaintiffs' claims are barred in whole or in part because no act or omission by Defendants was the direct cause in fact of any of the damages alleged.

ECF No. 29 at 12.

Plaintiffs assert that the Fourth Affirmative Defense must be stricken "because it is merely a denial on the issue of causation masquerading as an affirmative defense." ECF No. [36] at 3. "Defendants maintain that the losses alleged in the Complaint were proximately caused by the conduct or negligence of Plaintiffs' own principals, including but not limited to Barry Brecher." ECF No. [40] at 7. Therefore, Defendants argue the lack of proximate cause "is properly pleaded and should not be stricken." *Id.* at 6.

Here, the Affirmative Defense "simply points out a defect" in Plaintiffs' case and is therefore "a mere denial masquerading as an affirmative defense." *Snyder v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-21429-KMM, 2020 WL 13401895, at *2–3 (S.D. Fla. Nov. 11, 2020); *see Bynum v. Carnival Corp.*, Case No. 23-cv-23760, 2024 WL 229545, at *5 (S.D. Fla. Jan. 22, 2024) (explaining that a proximate cause defense is not an affirmative defense); *Coquina Invs. v. Rothstein*, No. 10–60786–Civ., 2011 WL 4971923, at *15 (S.D. Fla. Oct. 19, 2011) ("The absence of proximate cause is not an affirmative defense; rather, it is 'a requirement of plaintiff's cause of action put at issue by a general denial.'") (quoting *Clement v. Rousselle Corp.*, 372 So. 2d 1156, 1158 (Fla. 1st DCA 1979)). However, striking an affirmative defense is not always appropriate, even where it has not been properly alleged. "When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it." *Tsavaris v. Pfizer*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (citing *FDIC v. Bristol Home Mortgage Lending,*

*LLC*, No. 08–81536–CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009)). Accordingly, the Court treats the Fourth Affirmative Defense as a specific denial and denies Plaintiffs' request to strike it from the Answer.

### Eighth Affirmative Defense – Superseding Cause

Plaintiffs' claims are barred in whole or in part as a superseding cause [that] was the cause of Plaintiffs' alleged damages.
ECF No. [29] at 12.

Plaintiffs assert that the Eighth Affirmative defense "should be stricken because it is merely a denial on the issue of causation masquerading as an affirmative defense." ECF No. [36] at 4. Moreover, Plaintiffs argue that the Defense "consists solely of bare bones, conclusory allegations and contains no facts to give the Plaintiffs fair notice of the defense and the grounds upon which it rests." *Id.* Defendants respond that, "[c]ontrary to Plaintiffs' assertion, the defense is not a mere denial but raises a distinct and legally recognized doctrine under both federal and Florida law." ECF No. [40] at 8. "Specifically, Defendants allege that the independent and unforeseeable actions of a third party— Barry Brecher—constitute a superseding cause that breaks the chain of causation and absolves Defendants of liability." *Id.*

As Defendants correctly point out, courts in this district recognize the doctrine of superseding cause as a viable defense in negligence actions that must be evaluated in light of the facts developed through discovery. *See, e.g.*, *Padilla v. Experian Info. Sols., Inc.*, No. 23-CV-60669, 2023 WL 9228313, at *5 (S.D. Fla. Oct. 13, 2023) (finding that "an intervening or superseding cause affirmative defense . . . can be a valid affirmative defense.") (citing *Nat'l Union Fire Ins. Co. of Pittsburgh PA v. SPX Flow US, LLC*, 428 F. Supp. 3d 1334, 1345 (S.D. Fla. 2019)). This Court follows other courts in this District that routinely decline to strike the Affirmative Defense at the pleading stage when it provides sufficient notice. *See, e.g.*, *Lebron v. Royal*

*Caribbean Cruises, Ltd.*, Case No.: 16-24687-CIV, 2017 WL 7792720, at *5 (S.D. Fla. Aug. 18, 2017) ("However, given the appropriate pleading standard for affirmative defenses, because the [ ] Affirmative defense provides the Plaintiff with fair notice of the defense Defendant intends to raise, . . . the [ ] Affirmative Defense should not be stricken.").

### **Eleventh Affirmative Defense – Lack of Intent and Good Faith**

> Defendants acted in good faith at all times, believing that Barry Brecher had the authority to direct the transfer of funds as there was never any limitation on the scope of Mr. Brecher's authority.

ECF No. [29] at 13Plaintiffs argue "[r]aising a good faith defense to a negligence claim has been found as no more than a denial," and, therefore, [t]his affirmative defense is a mere denial." ECF No. [36] at 4 (citing *Reed v. Royal Caribbean Cruises, Ltd.,* No. 19-24668-CIV, 2021 WL 1348489, at *7 (S.D. Fla. Mar. 5, 2021)). Defendants respond that "asserting lack of intent and good faith, is a proper affirmative defense and should not be stricken. ECF No. [40] at 9. According to Defendants, "at the pleading stage, an affirmative defense need only provide sufficient notice of the defendant's position, specifically, that the defendant acted lawfully and in good faith." Since the defense "notifies Plaintiffs that Defendants contend their actions were bona fide and lacked any wrongful intent," Defendants maintain the affirmative defense is appropriate.

Good faith and lack of intent are not affirmative defenses of a negligence or legal malpractice claim. As the Court explained in its Order on the Motion to Dismiss, "[t]o state a claim for negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a specific injury; (2) the defendant breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered harm." ECF No. 27 at 8. "In the legal malpractice context, 'a plaintiff must establish the existence of three essential elements: (1) that the defendant attorney was employed by the plaintiff; (2) that the defendant attorney neglected a

reasonable duty owed to the plaintiff; and (3) that such negligence was the proximate cause of loss to the plaintiff.'" *Id.* (quoting *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1281 (11th Cir. 2004)). Neither cause of action requires a plaintiff establish intent or bad faith in order to prevail nor would such a showing excuse liability. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998) ("'[I]ntentional torts,' as distinguished from negligent or reckless torts [,] generally require that the actor intend 'the *consequences* of an act,' not simply 'the act itself.'") (quoting Restatement (Second) of Torts § 8A, Comment *a,* p. 15 (1964) (emphasis in original)); *See Reed v. Royal Caribbean, Ltd.*, 2021 WL 1348489, at *7 (S.D. Fla. March 7, 2021) (finding that good faith was not an affirmative defense to negligence). Instead, the Court finds that this Defense is a denial that Defendants breached their duty of care by acing carelessly or unreasonably under the circumstances. As such, the Court declines to strike the Defense and treats it as a specific denial.

### Twelfth Affirmative Defense – Unclean Hands

> Plaintiffs' claims in the Complaint in whole or in part are barred by the doctrine of unclean hands.

ECF No. [29] at 13.

Plaintiffs argue that the Twelfth Affirmative Defense "should be stricken because it contains only bare bones, conclusory allegations with no facts to give the Plaintiffs fair notice of the defense and the grounds upon which it rests." ECF No. [36] at 4. Moreover, Plaintiffs assert that, "even if the Defendants had alleged facts in support, unclean hands is only a defense to equitable claims, not a legal claim such as negligence." *Id.* Defendants respond that "the related doctrine of *in pari delicto*, which bars recovery where a plaintiff bears equal or greater responsibility for the alleged harm, is recognized in both legal and equitable contexts, including claims involving negligence and misconduct." ECF No. [40] at 10.

While Plaintiffs contend that the Defendants' Twelfth Affirmative Defense is bare bones and conclusory, the Court finds that Defendants have adequately put Plaintiffs on notice that this defense may be raised at trial and have therefore satisfied the pleading burden for affirmative defenses. *Hewitt*, 285 F. App'x. at 696; *see also Jones v. Kohl's Dep't Stores, Inc.*, Case No. 15-CIV-61626, 2015 WL 12781195, at *2 (S.D. Fla. Oct. 16, 2015) (denying motion to strike "single sentence defense" of laches, unclean hands, and waiver because they are "sufficient—boilerplate but well-recognized [ ] valid defenses"); *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15–cv–1745, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015) (declining to strike affirmative defenses that, "although stated in general terms," gave sufficient notice of the defenses the defendant intended to raise); *Allstate Ins. Co. v. Meek*, No. 8:19-cv-1181-T-36CPT, 2020 WL 2114613, at *4 (M.D. Fla. May 4, 2020). "[T]o the extent Plaintiff[s] require[] greater factual detail . . . Plaintiffs may acquire those facts through discovery." *Diamond Resorts U.S. Collection Dev., LLC v. Miller*, No. 6:20-CV-1668-PGB-LRH, 2022 WL 452480, at *6 (M.D. Fla. Jan. 11, 2022).

As for Plaintiffs' argument that an unclean hands defense is only available in equitable claims, courts in Florida have recently rejected this conclusion. For example, in *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, the district court specifically found that "under Florida law, unclean hands is not a doctrine applicable only to suits in equity." No. 20-82102-CIV, 2023 WL 4755691, at *11 (S.D. Fla. July 25, 2023) (citing *May v. Nygard Holdings Ltd.*, No. 6:03CV1832-ORL-DAB, 2007 WL 2120269, at *3 (M.D. Fla. July 20, 2007)).

Therefore,. because Defendants have adequately put Plaintiffs on notice of the defense, and Plaintiffs have failed to show that the defense is wholly inapplicable to the instant case, the Court finds that the Twelfth Affirmative Defense is proper at this stage of the proceedings.

Case No. 24-cv-23586-BLOOM/Elfenbein

**Thirteenth Affirmative Defense – Comparative Fault**

> Plaintiffs' claims are barred as any alleged damages suffered by Plaintiffs were caused, in whole or in part, by the actions or negligence of Plaintiffs or other parties, including Barry Brecher and/or the Plaintiffs' owners.

ECF No. [29] at 13.

As Defendants point out and Plaintiffs concede in their Reply, "comparative fault is a valid and well-established affirmative defense under Florida law and should not be stricken." ECF No. [40] at 10; *see* ECF No. [42] at 4-5 ("[T]o the extent that the defense is based upon the negligence of others, Plaintiffs concede that based upon this Court's prior decisions such as *Birren*, the affirmative defense is sufficient[,] and the motion should be denied."). Indeed, not only does "Florida Statutes, §768.81 expressly permits the apportionment of fault among all negligent parties, including plaintiffs and third parties," but the Eleventh Circuit has also specifically recognized comparative fault as an affirmative defense under Florida law. ECF No. [40] at 10 (citing *Agudelo v. Padron*, Civ. Act. No. 18-22612, 2019 WL 13182381, at *3 (S.D. Fla. Aug. 26, 2019) (denying motion to strike comparative fault defense where third-party fault had not yet been resolved)); *see Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1136 (11th Cir. 2020)("Comparative fault is an affirmative defense.") (citing *Bongiorno v. Americorp, Inc.*, 159 So. 3d 1027, 1029 (Fla. 5th DCA 2015)). Accordingly, Defendants' Thirteenth Affirmative Defense is proper.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [36]**, is **GRANTED in part and DENIED in part** as follows:

1. The Second Affirmative Defense is **STRICKEN**;

2. The Fourth, Eighth, Eleventh, Twelfth and Thirteenth Affirmative Defenses shall **REMAIN**.

Case No. 24-cv-23586-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 13, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

11