UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-cv-23586-ELA

PALM AVENUE HIALEAH TRUST,
ARCPE 1 LLC,
ARCPE BAHAMAS LLC,
ARCPE HOLDING LLC,

      Plaintiffs

v.

ROSS EISENBERG, ESQ., and
ROSS EISENBERG LAW PLLC

      Defendants.

_____/

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Palm Avenue Hialeah Trust ("Palm Avenue"), ARCPE 1 LLC ("ARCPE 1"), ARCPE Bahamas LLC ("ARCPE Bahamas"), and ARCPE Holding LLC ("ARCPE Holding") (collectively referred to as the "ARCPE Entities"), by and through their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby file this Reply in Support of their Motion for Summary Judgment (ECF No. 63).

### I.    Argument

#### A.    Apparent Authority

The central premise of the Plaintiffs' Motion for Summary Judgment is that, as a matter of law, each time Barry Brecher instructed Ross Eisenberg to transfer the Plaintiffs' money to a third party controlled by Brecher, and Eisenberg failed to make any inquiry whatsoever to determine whether those transfers were indeed approved by his clients, that as a matter of law Eisenberg's failure was negligent and constituted legal malpractice. (ECF No. 63 at 5-9). Plaintiffs' argument relied upon substantial Florida case law cited within the Motion. *See Fla.*

*Power & Light Co. v. McRoberts*, 257 So. 3d 1023 (Fla. 4th DCA 2018); *Palafrugell Holdings, Inc. v. Cassel*, 940 So. 2d 492, 493-4 (Fla. 3d DCA 2006); *GolTV, Inc. v. Fox Sports Latin Am. Ltd*, 277 F. Supp. 3d 1301, 1312 (S.D. Fla. 2017).  Perhaps not surprisingly, in their Response (ECF No. 81) the Defendants do not directly address this argument or any of these cases. Defendants do not cite any authority or identify any facts which would overcome the legal conclusions mandated by *McRoberts, Palafrugell* and *GolTV*.

Instead, Defendants point to a document which purports to be an "Agreement" dated September 1, 2020 between Brecher and John Olsen, which Defendants argue "confirm[s] that Plaintiffs knew of and ratified Brecher's authority." (ECF No. 81 at 4).   As an initial matter, Plaintiffs strongly dispute the existence, authenticity and validity of this "Agreement." It is their belief that the document was fabricated by Brecher. (Ex. A, Olsen Reply Decl. ¶¶ 3-4). However, for several reasons, Defendants' proffer of the "Agreement" does not create any genuine issues of material fact which would preclude entry of summary judgment.  First, this "Agreement" should be not considered because it is not proper summary judgment evidence.  It is not authenticated and Defendants made no attempt to put forth facts which would suffice as a proper foundation for its admission into evidence.  Second, Ross Eisenberg testified that had no knowledge of such a document as it was never provided to him. (ECF No. 67 at 68/8-15). Therefore, Eisenberg could not have relied upon it.    Third, if the "Agreement" is dated September 1, 2020, and the first of the transfers at issue in this case was made on February 8, 2021, then the "Agreement" could not have ratified the transfers because it predated them. Fourth, Eisenberg's (third) affirmative defense of "ratification" does not mention an agreement, but instead alleges that "[b]y not objecting to prior transactions, Plaintiffs ratified the actions taken by the Defendants." (ECF No. 29 at 11).   Therefore, this new ratification argument is

beyond the pleadings and should not be considered by the Court.    Fifth, on its face, the "Agreement" only applies to two of the four Plaintiffs (ARCPE 1 and ARCPE Holding).  Since it does not involve ARCPE Bahamas or Palm Avenue, three of the five transactions at issue, and the large majority of the improperly transferred funds would be unaffected.  In fact, the first two transactions involved ARCPE Bahamas and Palm Avenue, this ratification theory could not possibly apply until after January 2023, when the transaction involving ARCPE 1 occurred. Only justifiable inferences should be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  For all of these reasons, the purported "Agreement" does not change the analysis for apparent authority or the conclusion that the ARCPE Entities are entitled to summary judgment.

### B.    The ARCPE Entities Were Not Negligent

The title of the next section of Eisenberg's Response says "Plaintiffs' own negligence allowed the fraud to continue for more than three years." (ECF No. 81 at 4).   Eisenberg does not clearly identify which of their arguments this title applies to, or specifically how it would affect Plaintiffs' Motion for Summary Judgment.  Eisenberg opens by arguing that "Florida law is clear that clients are not allowed to toll malpractice claims indefinitely by failing to supervise their own designated agent or by ignoring warning signs such as executed settlement agreements, closing statements, or a lack of incoming wires." (ECF No. 81 at 4).  Defendants cite three cases in support. *Burnside v. McCrary*, 382 So. 2d 75 (Fla. 3d DCA 1980); *Birnholz v. Blake*, 399 So. 2d 375 (Fla. 3d DCA 1981); *Hearndon v. Graham*, 767 So. 2d 1179 (Fla. 2000). However, none of the cases support this proposition and none of them are applicable to the facts of this case. *Burnside* involved the potential effect of a dismissed lawsuit, and whether it could be revived. 382 So. 2d at 75-76. *Birnholz* involved the effect of pending litigation on the accrual of a

malpractice claim.    399 So. 2d at 376.   *Hearndon* involved an abuse claim by a victim who suffered traumatic amnesia. 767 So. 2d at 1181.

To the extent this section applies to a comparative negligence defense, Eisenberg cannot throw the blame onto his clients because he had the same duty of care and duty of inquiry for each and every one of the transfers that Brecher directed Eisenberg to make to Lux and Real.    If the first time, or any of the times, he had satisfied his duty, the issue would have been resolved because John Olsen and David Gordon would have been told him in no uncertain terms that the transfers directed by Brecher were NOT authorized.    Furthermore, as set forth in the Motion for Summary Judgment, a "client cannot be found to be comparatively negligent for relying on an attorney's erroneous legal advice or for failing to correct errors of the attorney which involve the exercise of professional expertise." *Tarleton v. Arnstein & Lehr*, 719 So. 2d 325, 331 (Fla. 4th DCA 1988).    Eisenberg cites to *Oasis Capital, LLC v. Nason*, Case No. 22-81913-CIV-CANNON/Reinhart, 2025 WL 385550 (S.D. Fla. Jan. 15, 2025), for the proposition that there can be exceptions to *Tarleton*.    However, the circumstances in *Oasis Capital* are far different than the case at bar.    In that case, the plaintiffs were directly involved in drafting agreements for one transaction (MKD). *Id.* at *7.    For the other transaction, the defendant contended that the plaintiff was negligent before entering into the Generex transaction. *Id.* at *8.    Here, any alleged negligence of the ARCPE Entities occurred after Eisenberg's.    Eisenberg only claims the ARCPE Entities did not discover the harm he caused them soon enough.    Therefore, in this case, *Tarleton* applies and comparative negligence does not.

**C.    Eisenberg Proximately Caused the Loss**

Next, Eisenberg argues that "Brecher's fraud was also an independent, superseding cause for loss in this matter." (ECF No. 81 at 5).   However, the concept of superseding cause does not

apply here.  Brecher's fraud cannot be a superseding cause for it occurred <u>before</u> Eisenberg sent each transfer.  Each time, Eisenberg was in position to stop the fraud.  And each time, Eisenberg bypassed the opportunity to protect his clients by failing to satisfy his duty of inquiry prior to initiating the wires.  That crucial moment having passed, once Eisenberg clicked the "send" button and sent each wire the harm to each respective Plaintiff was complete as to that transfer.  Similarly, Eisenberg also argues that "intentional criminal acts sever the causal chain." (ECF No. 81 at 5).  This argument suffers the same fatal temporal problem as the previous argument, as Brecher's acts—directing that Eisenberg send each transfer—happened <u>before</u> the transfer was sent by Eisenberg.

Also in this section, Eisenberg cites *GolTV, Inc. v. Fox Sports Latin Am. Ltd*, 277 F. Supp. 3d 1301, 1311 (S.D. Fla. 2017) for the proposition that "causation issues are rarely suitable for summary judgment.") (ECF No. 81 at 5).  However, the cited pages in *GolTV* do not say this, probably because the opinion involves a motion to dismiss.  Eisenberg also cites *Florida Power & Light Co. v. Pereira*, 705 So. 2d 1359, 1362 (Fla. 2012) for the proposition that "questions regarding causation are for the trier of fact." (ECF No. 81 at 6).  *Pereira* involved a situation where the plaintiff drove his motorcycle on a sidewalk, in violation of a Florida statute, and hit a negligently placed FPL wire.  The court said that statutory violation was prima facie evidence of comparative negligence for the motorcycle driver.  Therefore, in that case, the trier of fact needed to determine in what percentage the parties were at fault.  *Pereira* does not say that a court cannot determine on summary judgment whether comparative negligence is applicable.  As stated above, in this case, comparative negligence is not applicable.  If Eisenberg had satisfied his duty of care and duty of inquiry, the Plaintiffs never would have been placed in this position, because none of the transfers ever would have occurred.

Next, Eisenberg argues that "partial or delayed discovery of harm does not defer accrual, and that the first injury creates the cause of action." (ECF No. 81 at 6). It is unclear what this statement has to do with causation. Eisenberg cites several cases which do not support this proposition and are factually distinct. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1339 (11th Cir. 2001) addressed the accrual of a legal malpractice claim arising from litigation malpractice, as opposed to transactional malpractice. *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994), which involves a personal injury case, explains that a negligence action does not accrue upon the occurrence of the negligent act, but upon the discovery of the injury.

### D.   <u>Affirmative Defenses</u>

In the final section of the Response, Eisenberg argues that to the extent it prevailed on Plaintiffs' Motion to Strike Affirmative Defenses, that it is inappropriate to attack those defenses at the summary judgment stage. Of course, if Eisenberg's affirmative defenses have any validity, they need to be supported by facts, not only at trial, but on summary judgment as well. It is the defendant's burden to prove its affirmative defenses. *See Ofer v. Roher*, No. 24-CV-22349, 2025 WL 18648, at *3 (S.D. Fla. Jan. 2, 2025). Each of Eisenberg's affirmative defenses that it addresses in its Response (superseding cause, unclean hands and comparative fault), have been addressed earlier in this Reply. None of these defenses change the conclusion that Eisenberg was negligent and is liable for legal malpractice.

WHEREFORE, Plaintiffs, Palm Avenue Hialeah Trust, ARCPE 1 LLC, ARCPE Bahamas LLC, and ARCPE Holding LLC, respectfully request that this Court enter an order granting summary judgment in their favor and awarding any other relief the Court deems just and proper.

/s/ Mark A. Levy
MARK A. LEVY
Florida Bar No. 121320
Email: mark.levy@brinkleymorgan.com
BENJAMIN SUNSHINE
Florida Bar No. 112754
Email: benjamin.sunshine@brinkleymorgan.com
BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, FL  33394
Telephone:  954-522-2200
Facsimile:  954-522-9123
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply was served via the Court's CM/ECF electronic filing system on this 19th day of September, 2025 to the counsel of record:

Scott A. Wagner
Wagner Legal
3050 Biscayne Blvd., #701
Miami, FL 33137
Email:  sw@wagnerlegalco.com
Attorney for Plaintiffs

Robin Taylor Symons, Tyler C. Thompson, and Charles Possino
Gordon Rees Scully Mansukhani
100 SE Second Street, Suite 3900
Miami, FL 33131
Email:  rsymons@grsm.com; tcthompson@grsm.com; dsalinas@grsm.com
cpossino@grsm.com; jzmartinez@grsm.com; mia_eservice@gordonrees.com;
Attorneys for Defendants

/s/ Mark A. Levy
MARK A. LEVY

[30W1677]017801-24001