UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-cv-23586-ELA

PALM AVENUE HIALEAH TRUST,
ARCPE 1 LLC,
ARCPE BAHAMAS LLC,
ARCPE HOLDING LLC,

    Plaintiffs

v.

ROSS EISENBERG, ESQ., and
ROSS EISENBERG LAW PLLC

    Defendants.
_____/

### **PLAINTIFFS' REPLY STATEMENT OF MATERIAL FACTS**

Plaintiffs, Palm Avenue Hialeah Trust ("Palm Avenue"), ARCPE 1 LLC ("ARCPE 1"), ARCPE Bahamas LLC ("ARCPE Bahamas"), and ARCPE Holding LLC ("ARCPE Holding") (collectively referred to as the "ARCPE Entities"), by and through their undersigned counsel, and pursuant to Local Rule 56.1, hereby file their Reply Statement of Material Facts, as follows:

### **Preliminary Statement**

Local Rule 56.1(b)(3) requires a Reply Statement of Material Facts if "an opponent's Statement of Material Facts includes additional facts . . ." Local Rule 56.1(b)(2)(D) provides as follows:

> Any additional facts that an opponent contends are material to the motion for summary judgment shall be numbered and placed immediately after the opponent's response to the movant's Statement of Material Facts. The additional facts shall use separately numbered paragraphs beginning with the next number following the movant's last numbered paragraph. The additional facts shall be separately titled as "Additional Facts" and may not exceed five (5) pages (beyond the ten- (10) page limit for the opponent's Statement of Material Facts.

Here, the Defendants' Response to Plaintiffs' Statement of Material Facts (ECF No.: 82) does not contain an "Additional Facts" section. Rather, the Defendants' Response to Plaintiffs' Statement of Material Facts contains additional facts within their response to Plaintiffs' Statement of Material Facts. Therefore, in an abundance of caution, the ARCPE Entities are filing their Reply Statement of Material Facts in response to the additional facts within the Defendants' Response to Plaintiffs' Statement of Material Facts.

## **Plaintiffs' Reply Statement of Material Facts**

4.   Disputed. The Agreement is not valid and is a false document. John Olsen did not and would never agree to its terms. John Olsen did not sign the Agreement. The first time John Olsen saw the Agreement was on August 5, 2025, after Barry Brecher produced it at his deposition. (**Exhibit A**, Reply Declaration of John Olsen ¶¶ 3-4) ("Olsen Reply Decl.").

5.   Disputed. The Agreement is not valid and is a false document. John Olsen did not and would never agree to its terms. John Olsen did not sign the Agreement. The first time John Olsen saw the Agreement was on August 5, 2025, after Barry Brecher produced it at his deposition. (**Exhibit A**, Olsen Reply Decl. ¶¶ 3-4).

11.   Disputed. The Agreement is not valid and is a false document. John Olsen did not and would never agree to its terms. John Olsen did not sign the Agreement. The first time John Olsen saw the Agreement was on August 5, 2025, after Barry Brecher produced it at his deposition. (**Exhibit A**, Olsen Reply Decl. ¶¶ 3-4).

12.   Disputed. The Agreement is not valid and is a false document. John Olsen did not and would never agree to its terms. John Olsen did not sign the Agreement. The first time John Olsen saw the Agreement was on August 5, 2025, after Barry Brecher produced it at his deposition. (**Exhibit A**, Olsen Reply Decl. ¶¶ 3-4).

13. Disputed. The referenced February 8, 2021 email is taken out of context and does not apply to the transactions alleged in the Complaint.

14. Disputed. The referenced February 8, 2021 email is taken out of context and does not apply to the transactions alleged in the Complaint

17. Disputed. The referenced February 8, 2021 email is taken out of context and does not apply to the transactions alleged in the Complaint. For funds belonging to the ARCPE Entities, Barry Brecher was not authorized to direct payments to third parties. Barry Brecher was not authorized to engage in self-dealing. (ECF No. 65, Declaration of John Olsen ¶ 9) ("Olsen Decl.").

18. Disputed. Disputed. The referenced February 8, 2021 email is taken out of context and does not apply to the transactions alleged in the Complaint. For funds belonging to the ARCPE Entities, Barry Brecher was not authorized to direct payments to third parties. Barry Brecher was not authorized to engage in self-dealing. (ECF No. 65, Olsen Decl. ¶ 9).

49. Disputed. The ARCPE Entities did not discover the transfer sooner because Barry Brecher provided them with false, misleading information regarding the status of the loans and properties, which obscured the existence of the transfers. (ECF No. 65, Olsen Decl. ¶ 40; ECF No. 77, Declaration of David Gordon ¶ 6; ECF No. 78, Declaration of Junior Cabrera ¶ 6).

/s/ Mark A. Levy
MARK A. LEVY
Florida Bar No. 121320
Email: mark.levy@brinkleymorgan.com
BENJAMIN SUNSHINE
Florida Bar No. 112754
Email: benjamin.sunshine@brinkleymorgan.com
BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor

Fort Lauderdale, FL  33394
Telephone:  954-522-2200
Facsimile:  954-522-9123
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply was served via the Court's CM/ECF electronic filing system on this 19th day of September, 2025 to the counsel of record:

Scott A. Wagner
Wagner Legal
3050 Biscayne Blvd., #701
Miami, FL 33137
Email:  sw@wagnerlegalco.com
Attorney for Plaintiffs

Robin Taylor Symons, Tyler C. Thompson, and Charles Possino
Gordon Rees Scully Mansukhani
100 SE Second Street, Suite 3900
Miami, FL 33131
Email:  rsymons@grsm.com; tcthompson@grsm.com; dsalinas@grsm.com cpossino@grsm.com; jzmartinez@grsm.com; mia_eservice@gordonrees.com;
Attorneys for Defendants

                                          /s/ Mark A. Levy
                                          MARK A. LEVY

[30W1679]017801-24001