UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-cv-23586-ELA

PALM AVENUE HIALEAH TRUST,
ARCPE 1 LLC,
ARCPE BAHAMAS LLC,
ARCPE HOLDING LLC,

    Plaintiffs

v.

ROSS EISENBERG, ESQ., and
ROSS EISENBERG LAW PLLC

    Defendants.
_____/

## PLAINTIFFS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE EXPERT OPINION OF DEFENDANTS' EXPERT WITNESS

Plaintiffs, Palm Avenue Hialeah Trust ("Palm Avenue"), ARCPE 1 LLC ("ARCPE 1"), ARCPE Bahamas LLC ("ARCPE Bahamas"), and ARCPE Holding LLC ("ARCPE Holding") (collectively referred to as the "ARCPE Entities"), by and through their undersigned counsel, hereby file this Reply in Support of their *Daubert* Motion to Exclude Expert Opinion of Defendants' Expert Witness (ECF No. 69).

In their *Daubert* Motion, the ARCPE Entities seek to exclude the Defendants', Ross Eisenberg and Ross Eisenberg Law PLLC (collectively referred to as "Eisenberg") expert witness' (Charles J. Bartlett) opinions regarding the apportionment of comparative fault between the ARCPE Entities and Eisenberg on the basis that Bartlett's opinions are not reliable since they are based on unwarranted assumptions and speculation. In their response, Eisenberg contends that Bartlett's opinions are based on his professional judgment and experience as an attorney and point to his resume along with his decades of experience as a litigator, in litigation management,

and in professional standards. For further support, Eisenberg also points to the documents that Bartlett reviewed as a basis for his opinions. (ECF No. 80 at 3).

Eisenberg argues that a non-scientific expert can offer opinions or testimony based on personal experience. Eisenberg is partly correct as expert testimony based solely on the experience of an expert is not admissible. *See Rider v. Sandoz Pharms. Corp.*, 295 F.3d 1194, 1197 (11th Cir. 2002) ("In *Kumho Tire*, the Supreme Court made it clear that testimony based solely on the experience of an expert would not be admissible."). To the extent a non-scientific expert offers opinions or testimony based on personal experience, he or she "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004); *see also Benavides v. Tesla, Inc.*, No. 21-CV-21940, 2025 WL 1768469, at *12 (S.D. Fla. June 26, 2025). The failure to do so mandates the exclusion of the expert's opinion. *See Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344 (11th Cir. 2003) ("[A]n expert's failure to explain the basis for an important inference mandates exclusion of his or her opinion.").

In his report, Mr. Bartlett generates percentages of fault seemingly out of thin air. In his Response, Eisenberg fails to explain how Bartlett's experience as a litigator has led to the conclusions that he reached, why his experience as a litigator is a sufficient basis to form his opinions, and how his experience as a litigator can be reliably applied to the facts of the instant case. Rather, the Response states in a conclusory fashion that "Bartlett's resume shows that there is no question that he is qualified and has the requisite experience to opine on a case such as this." Pointing to Bartlett's resume and his years as a litigator is not sufficient to allow Bartlett to offer opinions or testimony based solely on personal experience.

Moreover, Bartlett's deposition testimony highlights that he is relying on unwarranted assumptions and speculation to formulate his opinions rather than his personal experience. At his deposition, Bartlett was asked how he derived his comparative fault numbers. Nowhere in his answer does he say that he came up with the comparative fault numbers based on his experience as a litigator. Rather, Bartlett testified that came up with the comparative fault numbers based on his assumption that "had [the ARCPE Entities] themselves been diligent and had any type of a typical audit procedure, they would have discovered the initial fraud of Brecher very early on." (ECF No. 69-2 at 39). In fact, when asked what facts he relied upon to come up with his conclusions, Bartlett testified that he relied on "no specific facts" as Bartlett relied on the unsupported assumption that "as time goes on, it gets harder and harder to recover money that is fraudulent taken." (ECF No. 69-2 at 40). Accordingly, on this basis, and for the reasons set forth in the *Daubert* Motion, Bartlett's opinions and testimony regarding the apportionment of comparative fault are not the product of reliable principles and methods, and therefore, should be excluded.

WHEREFORE, Plaintiffs, Palm Avenue Hialeah Trust, ARCPE 1 LLC, ARCPE Bahamas LLC, and ARCPE Holding LLC, respectfully request that this Court enter an order granting the motion and excluding the opinions of Charles J. Bartlett, Esq. regarding the apportionment of comparative fault between the Plaintiffs and Defendants and awarding any other relief the Court deems just and proper.

/s/ Mark A. Levy
MARK A. LEVY
Florida Bar No. 121320
Email: mark.levy@brinkleymorgan.com
BENJAMIN SUNSHINE
Florida Bar No. 112754
Email: benjamin.sunshine@brinkleymorgan.com

BRINKLEY MORGAN  
100 SE Third Avenue, 23rd Floor  
Fort Lauderdale, FL  33394  
Telephone:  954-522-2200  
Facsimile:  954-522-9123  
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply was served via the Court's CM/ECF electronic filing system on this 19th day of September, 2025 to the counsel of record:

Scott A. Wagner  
Wagner Legal  
3050 Biscayne Blvd., #701  
Miami, FL 33137  
Email:  sw@wagnerlegalco.com  
Attorney for Plaintiffs

Robin Taylor Symons, Tyler C. Thompson, and Charles Possino  
Gordon Rees Scully Mansukhani  
100 SE Second Street, Suite 3900  
Miami, FL 33131  
Email:  rsymons@grsm.com; tcthompson@grsm.com; dsalinas@grsm.com  
cpossino@grsm.com; jzmartinez@grsm.com; mia_eservice@gordonrees.com;  
Attorneys for Defendants

/s/ Mark A. Levy  
MARK A. LEVY

[30W1727]017801-24001